UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| NATASHA GREGORY,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Foreign for Profit Corporation,<br><br>Defendant. | Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida<br><br>Case No. 22-CA-1690 (Removed)<br><br>Federal Civil Action No. 5:22-cv-00400 |

### DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Walmart Inc. (pleaded as Wal-Mart Associates, Inc.) ("Defendant"), by and through its undersigned attorneys, hereby files its Answer and Statement of Defenses to Natasha Gregory's ("Plaintiff") Complaint and Demand for Jury Trial, and states as follows:

1. This paragraph contains legal conclusions to which no response is required.

### AS TO "PARTIES"

2. Admitted.

3. Admitted.

8544803v.1

4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted that Defendant was an employee of Walmart.

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted that Defendant was Plaintiff's employer.

6. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, admitted that Defendant employs ten or more employees.

## AS TO "JURISDICTION AND VENUE"

7. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought in this paragraph.

8. This paragraph contains legal conclusions to which no response is required.

## AS TO "STATEMENT OF FACTS"

9. Denied, except to admit that Plaintiff worked for Defendant from April 4, 2020 through January 18, 2022.

10. Denied.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

15. Denied

16. Denied.

17. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

18. Denied.

19. Denied.

20. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

21. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

22. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

8544803v.1

23. Denied.

24. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

25. Denied.

26. Denied.

27. Denied.

28. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

29. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

30. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

31. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

32. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

33. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

34. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

8544803v.1

35. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

36. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

37. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

38. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

39. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

40. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

## AS TO "COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION"

41. Defendants repeat and reiterate each and every response contained above, as if fully set forth herein.

42. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

43. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

8544803v.1

44. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied.

Defendants further denies Plaintiff is entitled to any relief demanded in the unnumbered "WHEREFORE" clause following paragraph 45 of the Complaint.

## AS TO "DEMAND FOR JURY TRIAL"

As to the unnumbered paragraph containing Plaintiff's demand for trial by jury, Defendant states that no response is necessary. Defendant denies that it or any of its agents engaged in any unlawful conduct and denies Plaintiff is entitled to any judgment, damages, or relief requested.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiff's Complaint that Defendant has not specifically admitted in this pleading. Below, Defendant asserts defenses for which it does not concede the burden of proof or persuasion, and states as follows:

## STATEMENT OF DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, unclean hands, and/or estoppel.

3. Any and all actions taken by Defendant, if any, with respect to Plaintiff's employment, or the terms and conditions thereof, were based upon legitimate, non-retaliatory business reasons.

4. Plaintiff's claims are barred to the extent that Plaintiff could have avoided any damages by complying with Defendant's workplace policies.

5. Plaintiff did not notify Defendant of any illegal policy, practice, or activity.

6. Plaintiff did not engage in any activity protected under the Florida Private Whistleblowing Act.

7. Defendant would have terminated Plaintiff regardless of Plaintiff's alleged protected activity.

8. Plaintiff failed to take reasonable steps to reduce her claims, damages, or losses, if any, and Plaintiff's failure to mitigate her damages bars or reduces any claims, losses, or damages.

9. Defendant believed in good faith that its conduct was in compliance with all local, state, and federal laws. To the extent any unlawful actions were taken, which Defendant expressly denies, such actions were contrary to

Defendant's good faith efforts to comply with the law by implementing policies and procedures designed to prevent unlawful retaliation.

10.    Plaintiff's retaliation claim against Defendant is doomed to fail because Plaintiff cannot demonstrate that her alleged involvement in protected activity was the "but for" cause of the adverse employment action she claims was taken against her.

11.    Even assuming, *arguendo*, that Plaintiff has engaged in any activity protected under Section 448.102(3), Florida Statutes, which is strictly denied, Defendant asserts that her retaliation claim is barred by her own wrongful acts.

12.    Defendant acted reasonably and in good faith, without malice or ill-will toward Plaintiff, at all times material herein, based on all relevant facts and circumstances known by Defendant at the time it acted. Accordingly, Plaintiff is barred from recovery in this action.

13.    To the extent Plaintiff has suffered any mental or emotional injuries, such injuries stem from causes and conditions unrelated to her employment or the actions of Defendant. Therefore, Plaintiff is not entitled to damages for such injuries from Defendant.

14.    Any monetary recovery Plaintiff may potentially obtain must be offset by any interim earnings she may receive from the date of her termination through the date of a trial in this case.

15. To the extent Defendant has learned, or learns, of any other actions by Plaintiff that would have resulted in Plaintiff's termination from employment, Plaintiff's damages are prevented or offset from that point in time forward.

16. Defendant will reply upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts rendering such action appropriate.

WHEREFORE, Defendant respectfully requests:

a) that judgment be entered in favor of Defendant and against Plaintiff;

b) that the Complaint be dismissed with prejudice;

c) that the Defendant be awarded its attorneys' fees and costs; and

d) that Defendant be granted such other and further relief as the Court may deem just and proper.

Dated: September 8, 2022

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, Florida 32203
Tel. (904) 356-8900
Fax. (904) 356-8200

By: /s/ F. Damon Kitchen
F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of September 2022 the undersigned electronically filed the foregoing Defendant's Answer and Statement of Defenses to Plaintiff's Complaint which will be electronically served via the CM/ECF system on the following:

Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah(@floridaovertimelawyer.com

/s/ F. Damon Kitchen
F. Damon Kitchen