# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

NATASHA GREGORY,

    Plaintiff,

v.                                            Case No. 5:22-cv-400-JA-PRL

WAL-MART ASSOCIATES, INC.,

    Defendant.
_____

## ORDER

This case is before the Court on review of Defendant's Notice of Removal (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Natasha Gregory, filed this case in state court on August 16, 2022. (See Doc. 1-1). Defendant then removed it to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 1–8). Because Defendant has not sufficiently alleged diversity of citizenship, the Court cannot

determine whether it has subject-matter jurisdiction over this case.

In its Notice of Removal, Defendant sufficiently states its own citizenship, noting that it is a citizen of both Delaware, where it is incorporated, and of Arkansas, where it has its principal place of business. (Doc. 1 at 2). But as to Plaintiff's citizenship, Defendant states only that "[u]pon information and belief, Plaintiff is a resident of the State of Florida." (Id.). "But alleging citizenship on 'information and belief' is insufficient." Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC, Case No. 6:19-cv-982-Orl-37DCI, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019). And "[r]esidence alone is not enough" to establish citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'" Id. at 1257–58 (alteration in original) (further internal quotation omitted) (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)). That Plaintiff may be a resident of Florida does not establish that it is her domicile. Thus, the Court cannot discern the citizenship of Plaintiff or whether the parties are diverse.

Accordingly, it is **ORDERED** that **no later than September 26, 2022,**

2

Defendant shall file an amended notice of removal along with evidence establishing Plaintiff's citizenship.

**DONE** and **ORDERED** in Orlando, Florida, on September 16, 2022.

                                          JOHN ANTOON II
                                    United States District Judge

Copies furnished to:
Counsel of Record