UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATASHA GREGORY,

    Plaintiff,

v.                                         Case No: 5:22-cv-400-JA-PRL

WAL-MART ASSOCIATES, INC,

    Defendant.

## ORDER

    This case is before the Court for consideration of Defendant's consent motion for order approving confidentiality agreement (Doc. 17). The agreed confidentiality agreement that the Defendant requests be approved by the Court is attached to the motion. (Doc. 17-1).

    Agreed confidentiality agreements and stipulated protective orders have become "common place in the federal court." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001); *see also* Fed. R. Civ. P. 26(c) (authorizing protective orders). The goal of such orders is to reduce the need to litigate claims for protection on a document-by-document basis, thereby reducing the number of discovery disputes. *Id.* These orders also facilitate the full disclosure of information during litigation, allowing for more cooperation during discovery, while limiting the possibility of harmful collateral disclosures. *SRS Tech., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 529 (N.D. Ala. 2003). Courts typically enter stipulated protective orders "unless the agreement contains provisions that are illegal, unlawful, against public policy, contrary to applicable rules, confusing or otherwise problematic." *Malibu Media, LLC v. Doe*, No. 2:13-cv-836, 2014 WL 1292692 (M.D. Fla. March 31, 2014) (quoting *Procaps S.A. v. Patheon Inc.*, No. 12-24356-Civ, 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013)).

Here, however, a review of the confidentiality agreement reveals that it contains inappropriate provisions.

> Paragraph 20 addresses challenges to the designation of confidential material. It states:
>
>> Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentially or to remove a confidential designation). Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel. Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the court. The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.

(Doc. 17-1 at 10-11).

The Court is disinclined to address mere challenges to the parties' designations. *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, at *1 (S.D. Fla. Sept. 4, 2013) ("The dispute here concerns a frequently-arising circumstance in complex commercial litigation cases: protective orders outlining the methodology for designating documents as 'confidential' or 'highly confidential,' and challenges to such designations. Surprisingly, the case law is sparse on how to resolve such disputes."). In other words, it is one thing for the Court to address issues within the normal scope of discovery disputes (issue like relevancy, the applicability of the attorney-client privilege, etc.), but it seems another for the Court to attempt to apply the parties' contractually-created definition of "Confidential" and to merely resolve what designation is proper under the terms of the stipulated protective order.

Notably, written stipulated agreements need not be entered into the record to be effective. Indeed, many of the Case Management and Scheduling Orders used by Judges of this District, including the District Judge in this case, instruct that while the parties may reach

their own agreement regarding the designation of materials as confidential, there is no need for the Court to endorse the confidentiality agreement itself. The Case Management and Scheduling Order entered in this case expressly provides:

> Confidentiality Agreements - The parties may reach their own agreement regarding the designation of materials as "confidential." The Court ordinarily will enforce signed confidentiality agreements. An order granting a motion to designate material as confidential is not an order permitting filing under seal. See "Motions to File Under Seal" below; Local Rule 1.11.

(Doc. 14 at 4).

Accordingly, the motion for order approving confidentiality agreement (Doc. 17) is **DENIED without prejudice.** While the parties may submit a renewed motion and revised confidentiality agreement that does not contain the inappropriate provisions, they are reminded that they may reach their own confidentiality agreement (as they have here), that there is no need for the Court to endorse their confidentiality agreement, and that unnecessary stipulated motions for the Court's approval of a confidentiality agreement are not encouraged by the Court.

**DONE** and **ORDERED** in Ocala, Florida on January 3, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties